UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ALEXANDRE KANTOR,

                        Plaintiff,

    -against-

AIR ATLANTIC MEDICAL, P.C., and
ALEXANDER IVANOV, M.D., *individually*,

                       Defendants.
----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**

19-CV-3597 (EK) (ST)

**TISCIONE, United States Magistrate Judge:**

    Plaintiff Alexandre Kantor brings suit against Defendants Air Atlantic Medical, P.C., and Alexander Ivanov, M.D., individually, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, N.Y. Lab. Law § 190 *et seq.*, for unpaid minimum wages and other alleged labor law violations. Compl., ECF No. 1. Because the defendants have now failed to appear at several conferences and failed to respond to this Court's order to show cause, this Court has no choice but to recommend, *sua sponte*, that the defendants' answer be stricken, a certificate of default be entered, and monetary sanctions be awarded.

    **A. Factual Background**

    On September 28, 2016, the plaintiff began working at Air Atlantic Medical, P.C. as a "Manager/Practice Administrator." Compl. ¶ 21. Air Atlantic is a medical office that is located in Brooklyn, New York. Compl. ¶¶ 7, 8. Defendant Ivanov was the plaintiff's supervisor. Compl. ¶ 11. The plaintiff alleges that he worked at Air Atlantic for a period of approximately a year-and-a-half, during which time the defendants consistently failed to pay him for all of his earned wages, and also failed to pay him the statutory minimum wage. Compl. ¶ 35. Altogether, the plaintiff alleges that he is owed a total of $57,750.00 in unpaid wages. Compl. ¶ 37.

    The plaintiff filed suit on June 19, 2019. The defendants answered the complaint on August 23, 2019. Answer, ECF No. 10. This Court held an initial conference on October 2,

2019. Min. Entry, ECF No. 14. At the initial conference, both parties appearing through counsel, this Court set discovery deadlines and, at the request of the parties, this Court referred the case to mediation. *Id.* On January 17, 2019, plaintiff's counsel filed a letter requesting that this Court "cancel" the Order referring the case to mediation. *See* Letter, ECF No. 15. As grounds for the request, counsel stated that she "has been unable to reach or communicate with Defendants' counsel, Spencer Robbins." *Id.* To wit, counsel stated:

> Between October 28, 2019 and December 6, 2019, Plaintiff has sent numerous e-mails to Mr. Robbins in an attempt to further the mediation process. However, Mr. Robbins has ignored all of Plaintiff's communications. Furthermore, Mr. Robbins has ignored all communications from the Court's ADR Department.

*Id.* Following the letter from counsel, this Court held a status conference on January 23, 2020. Min. Entry, ECF No. 16. After waiting nearly an hour for defendants' counsel, this Court held the conference without defense counsel. *Id.* This Court directed the defendants "to appear before the Court and show cause why the Court should not recommend that a default judgment be entered for failure to defend." *Id.* Further, this Court directed defense counsel to "be prepared to show cause why the Court should not impose sanctions for his failure to appear at this conference." *Id.* At the show cause hearing, which was held on February 6, 2020, defense counsel once again failed to appear. Min. Entry, ECF No. 17. Instead of completely failing to show or communicate with the court like the previous conference, however, defense counsel sent an attorney on his behalf. *Id.* Yet the attorney who was sent was not licensed to practice in this District. *Id.* No notice was given that defense counsel would be absent from the conference. This Court awarded costs and attorney's fees in connection with both the January 23, 2020 conference and the February 6, 2020 conference to plaintiff's counsel. *Id.*

Finally, the Court held another conference, this time via telephone, on March 24, 2020. Min. Entry, ECF No. 18. Once again, defense counsel failed to appear and did not contact the Court or plaintiff's counsel regarding his absence. *Id.* This Court ordered the following:

> Defendants are ordered to show cause no later than March 31, 2020 why this Court should not recommend the issuance of default judgments for Defendants' complete lack of participation in this case to date. Failure to respond to yet

2

>another Court order will result in personal sanctions against Attorney Robbins in addition to an immediate recommendation that default judgments be imposed against all Defendants.

*Id.* To date, the Court has not received any correspondence from defense counsel.

### B. Analysis

Rule 16(f) of the Federal Rules of Civil Procedure allows a court to impose sanctions when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii). Fed. R. Civ. P. 16(f). Among the available sanctions are "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Although Rule 37 sanctions are admittedly "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), these sanctions "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

The Second Circuit has articulated "[s]everal factors [that] may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule 37, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal,* 555 F.3d at 302–03 (quoting *Nieves v. City of N.Y.*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). These factors are not exclusive and none is dispositive, "[b]ecause the text of the rule requires only that the district court's orders be 'just,'" and "because the district court has 'wide discretion in imposing sanctions under Rule 37[.]'" *S. New England Tel. Co.*, 624 F.3d at 144 (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). After considering each factor, this Court concludes that striking the defendant's answer and directing entry of default is just and appropriate in these circumstances.

1. Willfulness

The defendants have repeatedly disregarded court orders and failed to communicate with the Court and plaintiff's counsel. It is clear that the defendants are aware of the lawsuit, as they answered the complaint and appeared for the initial conference. *See* Answer; Min. Entry, ECF No. 14. Furthermore, it is also clear that the defendants were aware of the February 6, 2020 show cause hearing, even though the defendants failed to appear through counsel admitted to this District. Given these circumstances, this Court finds that the defendants' behavior was willful and warrants harsh sanctions. *See, e.g.*, *Campos v. Quentin Market Corp.*, No. 16-CV-5303 (RER), 2017 WL 9253412, at *3 (E.D.N.Y. Nov. 21, 2017) (finding willfulness where defendant answered complaint but failed to appear at conferences); *Castillo v. Zishan, Inc.*, No. 16-CV-6166 (JGK), 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding willfulness where defendant answered complaint and consented to withdrawal of counsel but failed to respond to court orders or appear at hearing).

2. Efficacy of Lesser Sanctions

The defendants have repeatedly failed to appear for court-ordered conferences, refused to comply with court orders, and have failed to communicate in any meaningful way with plaintiff's counsel. While this Court is mindful that lesser sanctions should be considered before striking an answer, *see, e.g.*, *Agiwal*, 555 F.3d at 302, the defendants have essentially abandoned the case and become unreachable, and therefore any lesser sanction would be "an exercise in futility." *Koch v. Rodenstock,* No. 06-CV-6586 (BSJ) (DF), 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *R&R adopted by*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010); *see also Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) (finding default appropriate where defendant "willfully and expressly abandoned its defense of this case" and therefore "[l]ess harsh sanctions would clearly prove fruitless at this stage.").

3. Duration of Non-Compliance

The defendants have failed to participate in this case since the Court referred the case to

4

mediation in October 2019. The defendants have repeatedly failed to appear for court-ordered conferences, ignored court orders, and have not communicated with the court or opposing counsel for a period in excess of almost a full year. This period of non-compliance is sufficient to warrant the entry of default. *See, e.g.*, *Local Union No. 40 of the Intern. Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265–66 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." (collecting cases)).

    4. <u>History of Warnings</u>

Finally, this Court has repeatedly warned the defendant that a failure to participate in the case would result in sanctions. Beginning in January, when the defendants failed to appear at the status conference, this Court directed the defendants to appear and explain why the Court should not enter a default for failure to defend. Min. Entry, ECF No. 16. Following this warning, the defendants, once again, failed to appear for the show cause hearing on February 6, 2020. This Court again warned that if defense counsel did not appear at the next conference, it would "impose additional sanctions." Min. Entry, ECF No. 17. Finally, when the defendants failed to appear at the telephone conference that was held on March 24, 2020, this Court ordered the defendants to "show cause no later than March 31, 2020 why this Court should not recommend the issuance of default judgments . . . ." Min. Entry, ECF No. 18.

Courts have repeatedly found that similar histories of warnings warrant entry of default. *See, e.g.*, *Campos*, 2017 WL 9253412 at *3 (striking answer and entering default where court warned defendants of sanctions); *Zurita v. Bergen Pizza Inc.*, No. 13-CV-1846 (KAM) (LB), 2015 WL 1602148, at *1 (E.D.N.Y. Apr. 2, 2015) (same). The history of warnings provided to the defendants in this case warrants the same.

  **C. Conclusion**

Each of the four relevant factors favor striking the defendants' answer and directing the Clerk of Court to issue certificates of default against the defendants. Thus, this Court respectfully recommends striking the defendants' answer, see ECF No. 10, directing the Clerk of Court to issue certificates of default against the defendants, and permitting the plaintiff to move

for default judgment within 45 days of the issuance of the certificate of default. In addition, this Court respectfully recommends that sanctions be assessed against defense counsel for the plaintiff's costs, including attorney's fees, for defense counsel's missed court appearances and any motions that plaintiff's counsel had to prepare as a result.

Counsel for the plaintiff is directed to serve a copy of this Report and Recommendation on the defendants and file proof of service with this Court within 10 business days.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
September 23, 2020