```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  ALEXANDRE KANTOR,

                    Plaintiff,             MEMORANDUM & ORDER
                                           19-CV-3597(EK)(ST)

              -against-

  AIR ATLANTIC MEDICAL, P.C., and
  ALEXANDER IVANOV, M.D.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Alexandre Kantor brought this suit against Defendants Air Atlantic Medical, P.C. and Dr. Alexander Ivanov in June 2019.  ECF No. 1.  Kantor alleges that the defendants' compensation practices violated the Fair Labor Standards Act and New York Labor Law.  After making one filing — an answer that was (untimely) filed in August 2019 — and appearing at an initial conference, the defendants otherwise failed to defend the lawsuit for more than two years.  As a result, I entered a default judgment against them on August 31, 2021.  ECF No. 30.

        Ten months later, Defendants moved to vacate that judgment, citing defense counsel's leukemia diagnosis and treatment as the primary reason for the extended failure to appear.  ECF No. 33.[1]  While the motion was pending, I granted

---

[1] Counsel filed his motion and supporting declaration on the docket, with no request for sealing.

Defendants' request to "stay proceedings to enforce the judgment" after Kantor attempted to collect via a sheriff's sale of Ivanov's real property in Pennsylvania. *See* Docket Order dated August 25, 2022. The order provided that the stay would be effective "through the end of the day on August 29, 2022." Thereafter, I cautioned, the stay would continue in effect "if, but only if, Defendants post[ed] a bond with sufficient surety for 110 percent of the principal amount of the judgment" or if the Court approved "an alternate form of security." *Id.* Defendants did not post a bond or propose an alternative security arrangement by August 29, and the stay accordingly expired on that day.

Earlier today, Defendants asked the Court once again to stay Kantor's attempts to collect via a sheriff's sale — this time scheduled for tomorrow. ECF No. 43. Because Defendants have not complied with the Court's order requiring the posting of a bond and otherwise have little chance of success on the merits of their motion to vacate the default judgment, that request is denied.

**A.   Defendants Failed to Comply with the August 25 Order**

Today's letter states that it is defense counsel's "understanding that the defendants' funds in the amount of $140,000, which has been deposited in my firm's attorney trust account[,] is sufficient to comply with" the August 25 order.

2

*Id*. at 1.  This is plainly insufficient, even putting aside the fact that Defendants submitted no documentation concerning the trust account.  The purpose of posting a bond or other security under Rule 62(b) is "to ensure recovery for a party who ultimately prevails . . . and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *In re Nassau County Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015).  Defense counsel's letter provides no such assurance of recovery.  Moreover, the defendants have provided no justification for declining to comply with the Court's directive, apart from asserting that they "do not want to incur the costs associated with the bond premium."  ECF No. 43, at 1.[2]

In addition, $140,000 is not even enough money to satisfy the judgment, let alone comply with my instruction that the defendants post security totaling 110% of the judgment.  The judgment amount is $140,297.44; 110% of that amount would equal $154,327.18.  Default Judgment, ECF No. 31.

---

[2] A district court "may, in its discretion, waive the bond requirement" if the party seeking the stay "provides an acceptable alternative means of securing the judgment."  *In re Nassau County Strip Search Cases*, 783 F.3d at 417.  The Second Circuit set out non-exclusive factors that district courts may consider in deciding whether to allow alternative means of security, including "the degree of confidence that the district court has in the availability of funds to pay the judgment" and "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money."  *Id*. at 417-18.  Based on the meager submission before me, I have no confidence regarding the availability of funds to pay a judgment, or the defendants' creditworthiness generally.

Defense counsel's statement that he has $140,000 of his client's money in his firm's trust account also does not comply with the Eastern District's Local Rule 65.1.1 ("Sureties"). Rule 65.1.1(b) provides that, "[e]xcept as otherwise provided by law, every bond, undertaking or stipulation must be secured by: (1) the deposit of cash or government bonds in the amount of the bond, undertaking or stipulation; or (2) the undertaking or guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury; or (3) the undertaking or guaranty of two individual residents of the district in which the case is pending, each of whom owns real or personal property within the district worth double the amount of the bond, undertaking or stipulation, over all his or her debts and liabilities, and over all obligations assumed by said surety on other bonds, undertaking or stipulations, and exclusive of all legal exemptions."  Defendants have not attempted any of those three options.  Furthermore, to the extent counsel is seeking to act as a surety, that violates 65.1.1(e), which prohibits "[m]embers of the bar who have appeared in the case" from acting as a surety.

### B.  Defendants Have Little Chance of Success on the Motion to Vacate Default Judgment

In any event, Defendants have little chance of success on their motion to vacate the default judgment.  This, too, counsels against any renewal of the stay.  In considering a motion to vacate default judgment, courts consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted."  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).  Defendants' default here was willful.  Willfulness in this context "refer[s] to conduct that is more than merely negligent or careless."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Defense counsel cites his illness as the primary reason for Defendants' failure to defend the case.  Spencer Robbins Declaration ¶ 9, ECF No. 33-1.  He states that he "was not in a position to respond and was unaware of certain actions taken on this matter" because "[f]rom approximately May, 2020, I was diagnosed and treated for leukemia."  *Id*.  The Court recognizes the seriousness of this diagnosis and wishes counsel well in his continued recovery.  But the May 2020 diagnosis does not account for the Defendants' failure to follow court orders or defend the case beginning well before that date.  Magistrate

5

Judge Steven Tiscione documented some of the failures to comply with court orders and defend the case. These include:

- On August 22, 2019 — *nine months* before the date of diagnosis — Judge Tiscione noted that the defendants' time to respond to the complaint had "expired." Docket Order dated Aug. 22, 2019.

- On January 23, 2020, defense counsel failed to appear at a status conference. ECF No. 16. Judge Tiscione ordered defendants to show cause, in light of the failure to appear, why the Court should not enter default judgment. *See id.*

- On February 6, 2020, defense counsel again failed to appear; in his stead, he sent an attorney who had not appeared in the case and was not even admitted to practice in this district. In addition, counsel of record "did not contact the Court" to explain his absence. Judge Tiscione noted that counsel "failed to respond in any way" to the order to show cause entered at the January 23 conference. ECF No. 17.

- On March 24, 2020, defense counsel failed to appear for a telephone conference. ECF No. 18.

- Following that absence, Defendants failed to respond to a second order to show cause why the Court should not enter default judgment — this time for "Defendants' complete lack of participation in this case." Minute Entry dated March 26, 2020, ECF No. 18; *see* Report & Recommendation 2-3, dated Sept. 23, 2020, ECF No. 19.

- Defendants did not object to Judge Tiscione's first Report and Recommendation, dated September 23, 2020, which recommended that the Court strike Defendants' answer, assess monetary sanctions against defense counsel, and direct Kantor to move for default judgment. I adopted that R&R on December 4, 2020. ECF No. 21.

- Defendants then failed to respond to Kantor's motion for default judgment, ECF No. 24, which I referred to Judge Tiscione for report and recommendation. After the R&R issued on July 7, 2021, Defendants filed no objection to it. ECF No. 28. I adopted that R&R on August 31, 2021. ECF No. 30.

6

Indeed, Defendants did not comply with *any* court order, or otherwise defend the case in any form from February 6, 2020 (when counsel's stand-in appeared at a status conference) until they moved to vacate the default judgment in July 2022. In addition to the absences and missed deadlines listed above, neither the defendants nor counsel ever notified the Court of any difficulties in participating in the case at any point.

For the reasons stated above, Defendants' request to stay proceedings to enforce the judgment is DENIED.

SO ORDERED.

                                       /s/ Eric Komitee
                                       ERIC KOMITEE
                                       United States District Judge

Dated:    October 26, 2022
            Brooklyn, New York